```
 1
 2
 3
 4
 5
 6
 7
 8                      IN THE UNITED STATES DISTRICT COURT
 9                    FOR THE EASTERN DISTRICT OF CALIFORNIA
10   JAMES TROTTER,
11             Plaintiff,                 No. CIV S-10-2732 GGH P
12       vs.
13   F. GONZALEZ, Warden, et al.,
14             Defendants.                ORDER
15   _____/
```

16            Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42

17   U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28

18   U.S.C. § 636(b)(1). Plaintiff has consented to the jurisdiction of the undersigned. See docket

19   entry # 3, filed on October 28, 2010. By order, filed on November 11, 2010, plaintiff was

20   directed to file an in forma pauperis affidavit or to pay the required filing fee. See 28 U.S.C. §§

21   1914(a), 1915(a). In response, plaintiff submitted a declaration that makes the showing required

22   by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

23            Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28

24   U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently

25   without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C.

26   § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding

month's income credited to plaintiff's prison trust account. These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

1 Id.

2       In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

      It is difficult to discern the gravamen of plaintiff's complaint because it violates Fed. R. Civ. P. 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief...." Plaintiff names two defendants, Warden F. Gonzalez and D. Foston, in the caption of his complaint, but includes within the body of the complaint references to defendants Villegas, Curiel, Thomas, Haws and Martel. Complaint, pp. 1, 3, 6-8. Plaintiff alleges that defendant Foston, [California Department of Corrections and Rehabilitation (CDCR)] Chief of Inmate Appeals in Sacramento, violated his right to equal protection and subjected him to invidious discrimination. Id. at 3. He also claims that defendant Foston denied him his right to due process. Id. at 3-4. Defendant Foston did all this, according to plaintiff, while demonstrating the "alleged shortcomings" of the prison appeals system and library and legal assistance program. Id. at 4. Defendant Foston allegedly hindered plaintiff's efforts to pursue a legal claim by storing and warehousing plaintiff's grievance forms and other legal documents. Id. In support of these claims, plaintiff references his Exhibit D, which appears to be a copy of a declaration by D. Foston submitted in support of defendants' motion to dismiss plaintiff's complaint in a Central District of California case, Trotter v. Haws, et al., CV 09-5400 JVS (JCG). Id. at 4, 17-22. Defendant ascribes a different date to the declaration, March 5, 2010, from that which is actually contained on the apparent copy of the declaration signed by D. Foston at Ex. D, which appears to be May 14, 2010. Id. at 22. The court's review of this document indicates that defendant Foston set forth the claim or claims which plaintiff had administratively exhausted in Case No. CV 09-5400 JVS (JCG), as well as those which were

rejected by the Inmate Appeals Office for, inter alia, missing documentation or failure to complete the second level of review. Plaintiff alleges defendant Foston has pled his personal involvement at every level of the grievance process where he claims defendants Curiel and Thomas, apparently among the parties sued in the case denominated CV 09-5400. Id. at 8. The gravamen of that complaint is not sufficiently clear but it appears that plaintiff is attempting to implicate defendant Foston for his having submitted a declaration setting forth what claims had been exhausted and unexhausted in that case. Plaintiff also includes a copy of what appears to be a third level of director's appeal level denial of a claim against defendant Villegas, which was evidently among those apparently at issue in the Central District case, which defendant Foston indicated had been administratively exhausted and on which appeal denial defendant Foston apparently provided a co-signature. Id. at 21, 24-25. Plaintiff makes generic claims that the prison "appeals grievance system is shattered," provides no relief or remedy and is racially discriminatory. Id. at 9.

Among the relief plaintiff seeks is the restoration of lost time credits for having been found guilty on a prison disciplinary charge. Complaint, p. 10. To the extent that plaintiff is attempting to have his lost time credits restored, he is not proceeding via the appropriate vehicle.

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. 1979, as amended, 42 U.S.C. 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action.

Muhammad v. Close, 540 U.S.749, 750, 124 S.Ct. 1303, 1304 (2004) (per curiam). Therefore, to challenge the loss of time credits, plaintiff as petitioner must proceed by way of a petition pursuant to 28 U.S.C. § 2254 to attack the constitutionality of the proceedings or punishment imposed by a prison disciplinary action.

Plaintiff also seeks both compensatory and punitive money damages for having been allegedly falsely charged in a prison disciplinary action. Id. at 6, 10. In <u>Heck v. Humphrey</u>, 512 U.S. 477, 114 S. Ct. 2364 (1994), an Indiana state prisoner brought a civil rights action under § 1983 for damages. Claiming that state and county officials violated his constitutional rights, he sought damages for improprieties in the investigation leading to his arrest, for the destruction of evidence, and for conduct during his trial ("illegal and unlawful voice identification procedure"). Convicted on voluntary manslaughter charges, and serving a fifteen year term, plaintiff did not seek injunctive relief or release from custody. The United States Supreme Court affirmed the Court of Appeal's dismissal of the complaint and held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under 1983.

<u>Heck</u>, 512 U.S. at 486, 114 S. Ct. at 2372. The Court expressly held that a cause of action for damages under § 1983 concerning a criminal conviction or sentence cannot exist unless the conviction or sentence has been invalidated, expunged or reversed. <u>Id.</u>

In <u>Edwards v. Balisok</u>, 520 U.S. 641, 117 S. Ct. 1584 (1997), the Supreme Court held that <u>Heck</u> applies to challenges to prison disciplinary hearings when the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment. <u>Edwards</u> rejected the Ninth Circuit's holding in <u>Gotcher v. Wood</u>, 66 F.3d 1097, 1099 (9th Cir. 1995) that a claim challenging only the procedures employed in a disciplinary hearing is not barred by <u>Heck</u>. Plaintiff's claim for damages based on the alleged falsity of a prison disciplinary charge and conviction will be dismissed but plaintiff will be granted leave to amend to demonstrate that the charge/conviction has been reversed, invalidated or expunged.

5

As to plaintiff's claims of due process violations within the grievance system, prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003), citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Even the non-existence of, or the failure of prison officials to properly implement, an administrative appeals process within the prison system does not raise constitutional concerns. Mann v. Adams, 855 F.2d at 640. See also, Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); Flick v. Alba, 932 F.2d 728 (8th Cir. 1991). Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D.Ill. 1982) ("[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment"). Specifically, a failure to process a grievance does not state a constitutional violation. Buckley, supra. State regulations give rise to a liberty interest protected by the Due Process Clause of the federal constitution only if those regulations pertain to "freedom from restraint" that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484, 115 S. Ct. 2293, 2300 (1995).[1] Plaintiff's due process claims against defendant Foston, will be dismissed but plaintiff will be granted leave to amend.

With regard to any claim by plaintiff that defendant Foston has denied plaintiff his right of access to the courts, plaintiff has not met the requisite "actual injury" necessary to support a claim for denial of access to the courts by defendant Foston under the First

---

[1] "[W]e recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. See also Board of Pardons v. Allen, 482 U.S. 369, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987). But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, see, e.g., Vitek v. Jones, 445 U.S. 480, 493, 100 S.Ct.1254, 1263-1264 (transfer to mental hospital), and Washington[ v. Harper], 494 U.S. 210, 221- 222, 110 S.Ct. 1028, 1036-1037 (involuntary administration of psychotropic drugs), nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, supra.

Amendment. Lewis v. Casey, 518 U.S. 343, 351-53, 355, 116 S. Ct. 2174 (1996) (prisoner must allege actual injury). The court held that before a denial of access to the courts claim can go forward, an inmate must "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." Id. Accordingly, before a claim of denial of access to the courts can proceed, an inmate must demonstrate that he was precluded or thwarted in his efforts to present a legally or factually arguable claim to the courts, in this case by defendant Foston. Defendant Foston's submission of a declaration in support of a motion to dismiss regarding what claims had been properly administratively exhausted in another action does not implicate a violation of plaintiff's First Amendment rights of access to the courts. Nor does defendant Foston's name having appeared on a third level appeal denial of any of his claims in that case.

With regard to any claim of a denial of equal protection by defendant Foston, "[a]ccording to well established precedent, "[p]risoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race." Wolff v. McDonnell, 418 U.S. 539, 556, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) (citing Lee v. Washington, 390 U.S. 333, 88 S.Ct. 994, 19 L.Ed.2d 1212 (1968)); see also Turner v. Safley, 482 U.S. 78, 84, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987) (noting that "federal courts must take cognizance of the valid constitutional claims of prison inmates. Prison walls do not form a barrier separating prison inmates from the protections of the Constitution."). More specifically, "racial segregation, which is unconstitutional outside prisons, is unconstitutional within prisons, save for 'the necessities of prison security and discipline.' " Cruz v. Beto, 405 U.S. 319, 321, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972) (per curiam) (quoting Lee, 390 U.S. at 334, 88 S.Ct. 994)." Johnson v. State of Cal., 207 F.3d 650, 655 (9th Cir. 2000). However, while plaintiff makes conclusory allegations that he has somehow been subjected to racial discrimination by defendant Foston and/or the prison appeals grievance process in place, plaintiff has not made clear how he has been targeted for such discrimination either by this defendant or by the application of the rules of the prison appeal grievance process to him. Plaintiff's claims against defendant Foston are dismissed, but plaintiff

is granted leave to amend.

With respect to defendant Gonzalez, plaintiff does not appear to have linked his name to any allegations and therefore he will be dismissed as a defendant with plaintiff granted leave to amend.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

\\\\\

3. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight days from the date of service of this order. Failure to file an amended complaint will result in dismissal of this action.

DATED: January 4, 2011

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
trot2732.bnf