IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES TROTTER,

      Plaintiff,                No. CIV S-10-2732 GGH P

   vs.

F. GONZALEZ, Warden, et al.,

      Defendants.        ORDER

_____/

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff has consented to the jurisdiction of the undersigned. See docket entry # 3, filed on October 28, 2010. By Order, filed on January 4, 2011, plaintiff's complaint was dismissed with leave to amend. Plaintiff was granted an extension of time to filed an amended complaint. See Order, filed on February 8, 2011. Plaintiff filed an amended complaint on April 14, 2011, which although untimely, the court will proceed to screen.[1]

        As plaintiff has been previously informed, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or

---

[1] To the extent, plaintiff's filing of January 31, 2011, despite plaintiff's having sought an extension of time beyond that date, is construed as an amended complaint, it is superseded by the April 14, 2011, amended complaint.

1

employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct.

2

1843 (1969).

Once again, as in the original complaint, it is difficult to discern the gravamen of plaintiff's amended complaint because it violates Fed. R. Civ. P. 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief...." Plaintiff claims that defendant Warden Gonzalez, at California Correctional Institution -Tehachapi (CCI) has caused him numerous, vaguely characterized, injuries. First Amended Complaint (FAC), p. 1. Plaintiff cites several incidents or issues of which he complains. One concerns a rules violation report dated October 14, 2009. Id., at 2. The second concerns an alleged second false RVR dated November 19, 2009. Id. A third incident or "issue" apparently concerns plaintiff's status as a priority legal user since 2007. Id. The court will at this point quote an excerpt to demonstrate the difficulty of attempting to unravel plaintiff's allegations:

> The material evidence # 3 issue arrived at C.C.I. Tehachapi April 2, 2010[.]   Priority Legal User Plaintiff James Trotter pro se been priority legal user since 2007[.] Documentation was in plaintiff's James Trotter pro se personal property which defendants knowingly failed to really check per Title 15 C.C.R. §§ 3190-3193[.] Legal court dead-line assure plaintiff's that there personal property and legal property was not being missed used or destroyed and any decisionmaking must to ongoing court case inference.  By law all property must be present before the plaintiff's (inmates) so they can hands on inventory all property considering again the legal case before them claim.

FAC, p. 2.

Plaintiff's fourth issue is a rather generic (and fragmented) claim for "equitable relief from over sentencing, overcrowded, unsafe, and understaffed." Id. Plaintiff goes on to make barely discernible claims of having been victimized by unexplained actions of unspecified defendants in the form of having had his freedom hampered by unidentified defendants having allowed "the fraud to grow continue in a path of tsunami destruction a chain reaction ...." Id., at 3. Plaintiff protests his "innocence" but he fails to plainly articulate what it is that defendants did and which defendants did it. Id. Plaintiff does appear to assert that when a prisoner is found not guilty at a disciplinary hearing, he is entitled to a copy of the dismissed RVR. Id. Plaintiff

claims that he should be freed, all actions against him reversed, be returned to CSP-Lancaster "to restart his [] as if it were over 2 years ago or the basic reissue rehear with full rights and privileges to restore the defamation of plaintiff's...character, his leadership position the chairman of Lifer's Group Outreach Program...." Id., at 3-4.

Plaintiff states a little later somewhat more coherently that when a prisoner is found not guilty and a charge is dismissed, he must be provided a copy [of the dismissal] pursuant to state regulation, and documents in his prison file must be updated to reflect the final disposition. FAC, p. 5. Thereafter, this updated information is to be considered during future classification hearings. Id. Any omission is attributable to defendant warden Gonzales, per plaintiff. Id. Plaintiff's further allegations are very generalized and not related to any specific incident or actions of particular defendants. Plaintiff may not simply attach exhibits and expect the court to attempt to frame plaintiff's allegations from them.

Plaintiff has failed to cure the defects of his original complaint, primarily in continuing to violate Rule 8, which requires "sufficient allegations to put defendants fairly on notice of the claims against them." McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991)). Accord Richmond v. Nationwide Cassel L.P., 52 F.3d 640, 645 (7th Cir. 1995) (amended complaint with vague and scanty allegations fails to satisfy the notice requirement of Rule 8.) He does not plainly set his claims forth against specific individuals, and where he does name a defendant, Warden Gonzales, he fails to frame a coherent claim against him. 42 U.S.C. § 1983 requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

4

1    Moreover, supervisory personnel are generally not liable under § 1983 for the
2 actions of their employees under a theory of respondeat superior and, therefore, when a named
3 defendant holds a supervisorial position, the causal link between him and the claimed
4 constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862
5 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.
6 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel
7 in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th
8 Cir. 1982). Defendant Gonzales will be dismissed.

9    To the extent that plaintiff is dissatisfied with his classification, generally, prison
10 officials' housing and classification decisions do not give rise to federal constitutional claims
11 encompassed by the protection of liberty and property guaranteed by the Fifth and Fourteenth
12 Amendments. See Board of Regents v. Roth, 408 U.S. 564, 569, 92 S. Ct. 2701 (1972). Nor
13 does the Constitution guarantee a prisoner placement in a particular prison or protect an inmate
14 against being transferred from one institution to another. Meachum v. Fano, 427 U.S. 215, 223-
15 225, 96 S. Ct. 2532, 2538 (1976). See Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir.1985)
16 (prison authorities may change a prisoner's "place of confinement even though the degree of
17 confinement may be different and prison life may be more disagreeable in one institution than in
18 another" without violating the prisoner's due process rights). Plaintiff fails to frame a claim with
19 regard to his desire to be re-classified and returned to a different prison. The amended complaint
20 will be dismissed without further leave to amend.

21    "Liberality in granting a plaintiff leave to amend 'is subject to the qualification
22 that the amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is
23 not futile.'" Thornton v. McClatchy Newspapers, Inc., 261 F.3d 789, 799 (9th Cir. 2001),
24 quoting Bowles v. Reade, 198 F.3d 752, 757 (9th Cir.1999). "Under Ninth Circuit case law,
25 district courts are only required to grant leave to amend if a complaint can possibly be saved.
26 Courts are not required to grant leave to amend if a complaint lacks merit entirely." Lopez v.

Smith, 203 F.3d 1122, 1129 (9th Cir. 2000). See also, Smith v. Pacific Properties and Development Corp., 358 F.3d 1097, 1106 (9th Cir. 2004), citing Doe v. United States, 58 F.3d 494, 497(9th Cir.1995) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts."). "[A] district court retains its discretion over the terms of a dismissal for failure to state a claim, including whether to make the dismissal with or without leave to amend." Lopez v. Smith, 203 F.3d at 1124. "The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." Metzler Inv. GMBH v. Corinthian Colleges, Inc. 540 F.3d 1049, 1072 (9th Cir. 2008), quoting In re Read-Rite Corp., 335 F.3d 843, 845 (9th Cir. 2003).

Plaintiff has failed to frame colorable claims within his amended complaint and the court finds that further leave to amend would be futile.[2] Therefore, this action will be dismissed.

Plaintiff's Additional Requests

Plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances, particularly in light of the fact that the court finds plaintiff's claims to be meritless. Plaintiff's requests for the appointment of counsel

---

[2] In future, should plaintiff, who is housed at CCI, located in Kern County, wish to proceed upon claims under 42 U.S.C. § 1983 against defendants at CCI, he should file his complaint in the Fresno Division of the United States District Court for the Eastern District of California. See Local Rule 120(d).

will therefore be denied.  Plaintiff also filed an inapposite motion to compel, which is denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's requests for appointment of counsel, filed on April 15, 2011 (docket # 16) and on May 9, 2011 (docket # 18), are denied.

2. Plaintiff's inapposite motion to compel, filed on May 27, 2011 (docket # 21), is denied.

3. Plaintiff's amended complaint is dismissed for plaintiff's failure to state a claim upon which relief can be granted, and this case is closed.

DATED: July 7, 2011

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
trot2732.ord